ODOM, Justice.
In October, 1931, Mrs. Sadie Ponsett Em-brey and her husband, P. W. Embrey, were divorced and Mrs. Embrey was granted the care and custody of the ten year old child, Paul William Embrey, Jr., issue of their marriage. In 1933 Mrs. Embrey was married to Anthony J. Gorges and a short time thereafter the said Gorges filed an application in the juvenile court for the parish of Caddo to adopt his stepson, Paul William Embrey, Jr.; his wife, the mother of the child, joining in the application for the purpose of giving her consent.
The father of the child refused to give his consent to the adoption and was cited by the juvenile court to show cause, if any he had or could, why the stepfather of the child should not be permitted to adopt him. The father appeared by way of answer and set up various reasons why the adoption of the child by the stepfather would be illegal, and among other things pleaded that the juvenile court for the parish of Caddo was without jurisdiction in the premises.
The judge of the juvenile court dismissed the proceedings for want of jurisdiction, and Mr. Gorges, who seeks to adopt the child, appealed.
The juvenile judge properly held that his court was not vested with jurisdiction in cases of this kind. Section 52, art. 7, of the Constitution of 1921, provides that there shall be a juvenile court in every parish of the state, and that:
“The said courts shall have jurisdiction, except for capital crime and assault with intent to commit rape, of the trial of all children under seventeen years of age who may be charged in said courts as neglected or delinquent children, and of all persons charged with contributing to such neglect or delinquency, or with a violation of any law now in existence or hereafter enacted for the protection of the physical, moral or mental well-being of children, not punishable by death or hard labor, and also in all cases of desertion or non-support of children by either parent.”
The juvenile court for the parish of Caddo •was created by Act No. 30 of 1924, and section 6 of that act, relating to its jurisdiction, is a repetition of that part of section 52, art. 7 of the Constitution, above quoted.
*800 It is not alleged that the child here involved is either delinquent or neglected. The neglect or delinquency of the child is not involved, nor are any of the persons connected with the case charged with the violation of any law now in existence for the protection of the physical, moral, or mental well-being of any child. It is therefore perfectly clear that the juvenile court for the parish of Oaddo is not vested with jurisdiction in this case and for that reason the proceeding was properly dismissed.
The judgment appealed from is affirmed.